IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                                           NO.  CR 04-1516 RB

ADAM ANTHONY GUTIERREZ,

          Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on two *motions in limine*: 1) an unopposed *motion in limine* by the Defendant ("Mr. Gutierrez") to prohibit the Government and/or its witnesses from making reference to the specific charges in the outstanding arrest warrant that led to Mr. Gutierrez's arrest and the subsequent charges at issue in this case; and 2) the Government's motion to admit co-conspirators' statements and Rule 404(b) evidence of bad acts against Mr. Gutierrez at trial.  For the following reasons, I will GRANT Mr. Gutierrez's unopposed motion and GRANT in part and DENY in part the Government's *motion in limine*.

### I. Factual background.

Mr. Gutierrez was arrested on August 4, 2002, after Hobbs Police Officer David Hathcox observed him getting into a grey taxi cab carrying a black plastic bag.  Officer Hathcox recognized Mr. Gutierrez as a person for whom there was an outstanding arrest warrant on State charges. Officer Hathcox ran a warrant check, which confirmed that an outstanding warrant was issued for criminal sexual penetration against Mr. Gutierrez.  Thereafter, Officer Hathcox stopped the cab, arrested Mr. Gutierrez on the outstanding warrant, and searched the cab, but was unable to locate

the black plastic bag he observed Mr. Gutierrez carrying when he entered the taxi.

At the jail, two detention officers listened to Mr. Gutierrez as he made several telephone calls but the officers did not speak Spanish and were, therefore, unable to understand what Mr. Gutierrez said on the phone and could not identify to whom he spoke.

At around 12:30 p.m. that same day, two Hispanic males and one Hispanic female arrived at the taxi station and were allowed to search a cab for some keys Mr. Gutierrez may have left in the cab at the time of his arrest.  They apparently did not look in the actual cab that had driven Mr. Gutierrez that day and found no keys in the cab they searched.

Later that day, Kenneth Sanders, the cab driver who drove Mr. Gutierrez at the time of his arrest, searched his cab and found a black plastic bag hidden underneath the springs of the front passenger seat.  Police ultimately determined that the bag contained distributable quantities of cocaine (10.93 grams), methamphetamine (4.25 grams), and heroin (6.86 grams).  Sanders later told police that he picked up 10 to 12 other fares that day and that 4 of the fares sat in the back seat, where Mr. Gutierrez sat prior to his arrest.  Several months later, agents questioned four Hispanics.

Sarah Cortez will testify that Mr. Gutierrez called her from jail on the day of his arrest and told her to search for "keys" he may have left in the cab and also told her to "use your head."  She understood Mr. Gutierrez's statements to mean that he left drugs or something else illegal in the taxi, which he sought her help in searching.  Ms. Cortez also claims that Mr. Gutierrez sold her drugs on many occasions before his arrest on August 4, 2002.

Luis Almaguer, Felipe Castillo, and Julie Martinez (Sarah Cortez's daughter) were the three Hispanics who arrived at the taxi station to look for Mr. Gutierrez's "keys."   Luis Almaguer will testify that Castillo offered him $20 or some drugs to go to the taxi station with Castillo and Martinez

to look for Mr. Gutierrez's "keys."   Mr. Almaguer apparently told the taxi employee that Mr. Gutierrez was his father and had left some "keys" in one of their taxis.  Mr. Almaguer can also confirm that one of the phone numbers Mr. Gutierrez telephoned from jail was Martinez's.  Mr. Almaguer claims that he understood the purpose of the cab  search to be for drugs or other illegal objects that Mr. Gutierrez may have left in the cab.

Mr. Gutierrez was charged in a three count Indictment with Possession with Intent to Distribute cocaine, methamphetamine, and heroin.

## II. Analysis.

### A. Mr. Gutierrez's unopposed *motion in limine*.

Mr. Gutierrez is willing to allow reference to the fact that there was an outstanding warrant for his arrest but wishes to prohibit the Government from mentioning that the outstanding warrant was for criminal sexual penetration because that would unfairly prejudice him under Rule 403.  Since the Government does not oppose this motion, I will GRANT Mr. Gutierrez's *motion in limine*.

### B. The Government's *motion in limine*.

First, I will GRANT the Government's motion with respect to some of Ms. Cortez's testimony.  Mr. Gutierrez's statements to Ms. Cortez during a phone conversation from jail, in which he asked her to look for "keys" in a cab he took earlier that day, and to "use her head" are admissible as statements by a party opponent under Federal Rule of Evidence 801(d)(2)(A).  Ms. Cortez, however, will not be allowed to speculate about what Mr. Gutierrez meant when he told her to look for "keys."  The meaning of that term is for the jury to decide.  Moreover, the Government will not be allowed to introduce evidence that Mr. Gutierrez had supplied Ms. Cortez with drugs on many occasions prior to the date of his arrest.  The Government conceded at the motions hearing that Rule

404(b) prohibits the introduction of these prior bad acts against Mr. Gutierrez at trial.  I will, therefore, GRANT the Government's motion with respect to the statements Mr. Gutierrez made to Ms. Cortez during their phone conversation on the day of Mr. Gutierrez's arrest, but will DENY the Government's motion with respect to Ms. Cortez's understanding of Mr. Gutierrez's request and the prior drug transactions between Ms. Cortez and Mr. Gutierrez.

Second, I will GRANT the Government's motion with respect to some of Luis Almaguer's testimony.  Mr. Almaguer's testimony that Castillo offered him $20 to go search a taxi for Mr. Gutierrez's "keys" and that one of the numbers in the jail telephone log from the day of Mr. Gutierrez's arrest was that of Martinez, poses no evidentiary problem and is, therefore, admissible. Moreover, any statements Mr. Almaguer made to employees at the taxi station as to why he sought to search one of the cabs is admissible.  Mr. Almaguer's speculation about what the true purpose of searching the cab was and what the word "keys" meant, however, will not be admitted.

Finally, the Government may seek to call one or more police officers to testify about statements that Castillo and Martinez made in response to police questioning.  However, the Supreme Court's recent holding in *Crawford v. Washington*, 124 S.Ct. 1354, 1364 (2004) bars admission of these testimonial statements.

Therefore, I will GRANT the Government's motion with respect to statements made by Mr. Gutierrez to Ms. Cortez and certain testimony from Mr. Almaguer, but will DENY the Government's motion in all other respects.

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**