# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,                ) | |
|           **Plaintiff,**                ) | |
| vs.                ) | NO. CR 04-1516 RB |
| ADAM ANTHONY GUTIERREZ,                ) | |
|           **Defendant.**                ) | |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's (Gutierrez's) Motion For a New Trial, filed on May 25, 2005. The government filed its response to this motion on June 7, 2005. Having considered the briefs, evidence, arguments of counsel, and being otherwise fully advised, I find that this motion should be denied.

Gutierrez moves for a new trial based on impeachment of the verdict by a juror, Bruce Klinekole II. On May 19, 2005, the jury found Gutierrez guilty and defense counsel requested that the jury be polled. During the polling process, Mr. Klinekole hesitated before confirming that guilty was his verdict. Defense counsel directed his investigator to contact Mr. Klinekole. A few days after the verdict, the investigator spoke with Mr. Klinekole. Based on the conversation, defense counsel obtained an affidavit from Mr. Klinekole, which is attached to the motion for a new trial.

In the affidavit, Mr. Klinekole states that he felt that no one took charge in the jury room and that groups of jurors were discussing matters by themselves and not with the group. Mr. Klinekole felt that the deliberations were rushed and that some jurors were in a hurry to convict Gutierrez. Mr. Klinekole did not feel that the jury was fair and that he had doubts about the government's evidence. Mr. Klinekole states that the reason he affirmed the verdict when he was polled was that he was afraid

that I would send him back into the room with the same group of people.  Mr. Klinekole states that there was a great deal of tension among the jurors and that he felt that the others would force him to say "guilty."

Rule 606(b) of the Federal Rules of Evidence states:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the jury to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.

FED. R. EVID. 606(b).

The law is clear that juror testimony is inadmissible to impeach a verdict, except where the proffered testimony relates to whether extraneous prejudicial information or any outside influence was improperly brought to bear upon any juror.  *Tanner v. United States*, 483 U.S. 107, 117 (1987). Gutierrez does not claim that any external information or influence affected the deliberations; he argues that the verdict should be set aside because Mr. Klinekole felt intimidated and he believes that the deliberations were rushed and not in accord with my instructions.  These are precisely the type of factors that fall "squarely within the core prohibition of the Rule." *United States v. Stansfield*, 101 F.3d 909, 914 (3d Cir. 1996).

The affidavit may not impeach the jury's verdict. *McDonald v. Pless*, 238 U.S. 264, 268-69 (1915).  The jury verdict, not an individual juror opinion expressed after trial, carries legal weight.

The jury was polled in open court and each juror affirmed the verdict. No extraneous information or external pressure has been alleged. For these reasons, the motion will be denied.

**WHEREFORE,**

**IT IS ORDERED** that Gutierrez's Motion For a New Trial, filed on May 25, 2005, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**